**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-240-GW-GJSx | Date | March 11, 2021 |
|---|---|---|---|
| Title | *Jennifer Herrington v. The Nature Conservancy. et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Molly F. Durkin | Andrea Chavez |

**PROCEEDINGS:** TELEPHONIC HEARING ON PLAINTIFF'S MOTION FOR REMAND [14]

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED.

:　04

Initials of Preparer　JG

<u>*Jennifer Herrington v. The Nature Conservancy et al*</u>; Case No. 2:21-cv-00240-GW-(GJSx)
Tentative Ruling on Motion to Remand

## I. Background

Before the Court is Plaintiff Jennifer Herrington's motion to remand this action to state court for the second time. *See* Plaintiff's Motion to Remand ("Motion"), Docket No. 14.

### A. The First Removal to Federal Court and Subsequent Remand to State Court

On November 21, 2019, Plaintiff sued Defendants The Nature Conservancy ("TNC") and The Nature Conservancy of California ("TNC-CA")[1] in the Santa Barbara County Superior Court for: (1) retaliation, in violation of Cal. Labor Code § 1102.5; (2) sex discrimination, in violation of Cal. Gov't Code § 12940; (3) failure to prevent discrimination; and (4) wrongful termination in violation of public policy. *See* Declaration of Andrea Chavez in Support of Notice of Removal ("Chavez NOR Decl."), Docket No. 5, Exh. A.

On December 26, 2019, Defendants removed the case to federal court based on diversity jurisdiction, noting that Plaintiff was a citizen of California, Defendant TNC was a citizen of the District of Columbia and Virginia, and, according to the Complaint, Defendant TNC-CA was "an employer conducting business within the State of California" and "maintained a place of business in Santa Barbara County." *See id.* Exh. E ¶¶ 9-11.[2]  Defendants nevertheless argued that Plaintiff had fraudulently joined TNC-CA as a sham defendant and the Court therefore should disregard TNC-CA's citizenship for purposes of determining diversity jurisdiction. *See id.* Exh. E ¶ 11. Plaintiff filed a motion to remand on January 27, 2020. *See* Declaration of Molly F. Durkin in Support of Motion to Remand ("Durkin Decl."), Docket No. 15, ¶ 7. On March 9, 2020, this Court granted Plaintiff's motion to remand, finding that Defendants had not demonstrated fraudulent joinder and that the Court lacked jurisdiction either for lack of complete diversity and/or because TNC-CA was a local defendant. *See id.* Exh. H.

### B. Post-Remand State Court Proceedings

Plaintiff filed a First Amended Complaint in state court on March 24, 2020, adding a Private Attorneys General Act ("PAGA") claim against both Defendants. *See* Chavez NOR

---

[1] As the Court will explain, *infra*, Plaintiff has since dismissed Defendant TNC-CA from this action. The Court nevertheless will refer to TNC and TNC-CA collectively as "Defendants" for purposes of this ruling.

[2] This first notice of removal was filed as Docket No. 1 in the matter captioned *Jennifer Herrington v. The Nature Conservancy, et al.*, Case No. 2:19-cv-10896-GW-(GJSx).

Decl. Exh. F.  On May 29, 2020, Defendants filed a demurrer to the First Amended Complaint on behalf of TNC-CA for all claims, and on behalf of TNC for the PAGA claim.  *See id.* Exh. G.  As to TNC-CA, Defendants argued that Plaintiff failed to plead that TNC-CA was her employer and failed to plead any theory of vicarious liability against TNC-CA.  *See id.*  On September 15, 2020, the Santa Barbara County Superior Court sustained the demurrer in its entirety with leave to amend.  *See id.* Exh. H.

On September 22, 2020, Plaintiff's counsel wrote an email to Defendants' counsel regarding TNC-CA, stating in relevant part: "In light of the ruling on Defendant's demurrer, please advise whether Defendant is willing to enter into a stipulation whereby Plaintiff dismisses her claims against Defendant The Nature Conservancy of California, and Defendant agrees not to seek removal to federal court and agrees to a waiver of costs and fees in connection with the dismissed party."  *See id.* Exh. I.  Defendants' counsel rejected this offer.  *See id.*

On September 25, 2020, Plaintiff filed a Second Amended Complaint.  *See id.* Exh. J.  On October 27, 2020, TNC-CA made an offer to compromise pursuant to California Code of Civil Procedure § 998 (the "998 Offer") for zero dollars and zero cents, plus a waiver of attorneys' fees and costs of the suit.  *See id.* Exh. K.  The 30-day deadline by which Plaintiff had to respond to the 998 Offer was November 26, 2020.  *See id.*; *see also* Durkin Decl. ¶ 25.

TNC-CA filed a demurrer to the Second Amended Complaint on October 29, 2020, arguing that Plaintiff still failed to state a claim against TNC-CA.  *See* Chavez NOR Decl. Exh. L.

On November 23, 2020, Plaintiff's counsel informed Defendants' counsel that Plaintiff was prepared to accept the 998 Offer if TNC-CA removed the no rehire clause.  *See id.* Exh. M.  Plaintiff and Plaintiff's counsel executed the 998 Offer on November 29, 2020.  *See id.* Exh. N.  The parties filed a Joint Notice of Settlement between Plaintiff and TNC-CA on November 30, 2020.  *See id.* Exh. O.

TNC-CA filed a Notice of Acceptance of the 998 Offer on December 18, 2020, and a Request for Dismissal of TNC-CA – executed by Plaintiff's counsel –  on December 28, 2020.  *See id.* Exh. Q, R.

TNC – the remaining Defendant in this action – filed its Answer to the Second Amended Complaint on December 9, 2020.  *See id.* Exh. P.  TNC then removed the case to this Court on January 11, 2021, noting that "one year had passed since the commencement of the State Court

Action" on November 21, 2019, but arguing that the Notice of Removal was timely under 28 U.S.C. §§ 1446(b)(3) and (c)(1) because it was "filed within thirty days of filing the Request for Dismissal of the non-diverse defendant, TNC-CA" and Plaintiff acted in bad faith to prevent TNC from removing the case. *See* Notice of Removal ("NOR"), Docket No. 1, ¶¶ 15, 23, 29.

### C. The Instant Motion to Remand

Plaintiff filed the instant motion to remand on February 10, 2021, arguing that remand is proper under 28 U.S.C. § 1446(c)(1) because this case was filed more than one year before TNC removed the case to federal court on January 11, 2021, and Plaintiff did not act in bad faith to prevent removal. *See* Motion. TNC filed an opposition brief ("Opp'n"), *see* Docket No. 17, and Plaintiff filed a reply brief ("Reply"). *See* Docket No. 19.

## II. Legal Standard

Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "The defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). An action otherwise removable on the basis of diversity jurisdiction "may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A case initially not removable may be removed within 30 days after the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case may not be removed based on diversity jurisdiction more than one year after commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Thus, a case that becomes removable sometime after the commencement of the action is barred by a procedural one-year limitation, which "can be excused upon a showing of bad faith." *See NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) *report and recommendation adopted*, 2014 WL

3

2619599 (E.D. Cal. June 6, 2014).

### III. Discussion

The parties do not dispute that complete diversity of citizenship exists, that the amount in controversy in this matter is met, or that TNC filed its January 11, 2021 Notice of Removal within 30 days after the dismissal of TNC-CA but over one year after Plaintiff initiated this action in state court. Instead, Plaintiff argues that the Court should remand the matter because TNC has failed to show that Plaintiff acted in bad faith to prevent removal, and therefore TNC's Notice of Removal based on diversity jurisdiction was untimely under 28 U.S.C. § 1446(c)(1). *See* Motion at 13. In response, TNC argues that it "is not barred from removing this action by the one-year rule set forth in 28 U.S.C. § 1446(c)(1)" because Plaintiff operated in bad faith to prevent TNC from removing this case. *See* Opp'n at 8-9.

"The removing party bears the burden of demonstrating that the plaintiff has acted in bad faith, particularly given the strong presumption against removal." *Heller v. Am. States Ins. Co.*, No. CV 15-9771-DMG-(JPRx), 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016). "Determining whether plaintiffs have acted in bad faith to prevent removal necessarily involves looking into the plaintiffs' subjective intent, as the text of section [1446(c)(1)] strongly suggest[s] intentionality and purpose." *Id.* (quotation omitted). As both parties note, the Ninth Circuit has yet to address the applicable standard for the bad faith exception under 28 U.S.C. § 1446(c). *See Somera Capital Mgmt., LLC v. Twin City Fire Ins. Co.*, No. CV 20-4277-DMG-(MRWx), 2020 WL 3497400, at *2. District courts within the Ninth Circuit have considered two different but overlapping sets of factors to determine whether a plaintiff acted in bad faith to prevent removal: one set forth in *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1262-63 (D. N.M. 2014), and the other set forth in *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016). *See id.*

#### A. The *Aguayo* Standard

District courts employ a two-step inquiry under *Aguayo*. First, courts consider whether "the plaintiff actively litigated against the removal spoiler in state court," *i.e.*, whether the plaintiff engaged in activity such as "asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera." *See Aguayo*, 59 F. Supp. 3d at 1262. "Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a

rebuttable presumption of good faith." *Id.* Second, the defendant may attempt to rebut this presumption by introducing evidence already in the defendant's possession to establish that, "despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court." *Id.* at 1262-63.

The Court would find that Plaintiff actively litigated against TNC-CA, the removal spoiler in this case. Plaintiff filed a complaint of discrimination against TNC-CA with the California Department of Fair Employment and Housing. *See* Durkin Decl. Exh. A, B. She received a notice of the right to sue TNC-CA in California Superior Court, under Cal. Gov't Code § 12965(b). *Id.* She named TNC-CA in her initial Complaint on November 21, 2019 and served TNC-CA on November 25, 2019. *See* Chavez NOR Decl. Exh. B. Plaintiff also propounded extensive discovery on TNC-CA, including requests for production of documents, form interrogatories, and special interrogatories. *See* Durkin Decl., ¶¶ 6, 10, Exh. E-G, I-J. Plaintiff followed up multiple times over the course of five months when TNC-CA had not produced any documents, and promptly prepared and filed a protective order when Defendants' counsel stated that one was necessary before Defendants would produce documents. *See id.* ¶¶ 12, 14-16, 18, 23. She opposed Defendants' first demurrer as to her claims against TNC-CA and filed the January 27, 2020 motion to remand, arguing TNC-CA was not a sham defendant. *See* Chavez NOR Decl. Exh. H; Durkin Decl. ¶ 7. This Court, in its March 9, 2020 ruling, granted Plaintiff's first motion to remand and found that Defendants had not demonstrated Plaintiff fraudulently joined TNC-CA. *See* Durkin Decl. Exh. H.

Plaintiff's actions as to TNC-CA thus exceed the threshold of engaging "in a mere scintilla of litigation against the removal spoiler." *See Aguayo*, 59 F. Supp. 3d at 1277; *see also NKD*, 2014 WL 1671659, at *5 (finding that plaintiffs actively litigated their claim against non-diverse defendant by propounding three sets of discovery on defendant and noticing a deposition of defendant's employee, though the deposition did not take place). TNC does not argue that Plaintiff failed to actively litigate against TNC-CA. *See generally* Opp'n. As such, Plaintiff receives a presumption of good faith under *Aguayo*, and TNC must provide "a smoking gun or close to it" to defeat this presumption. *See Aguayo*, 59 F. Supp. 3d at 1277. That is, TNC must show "strong, unambiguous evidence of the plaintiff's subjective intent, for which the plaintiff cannot offer any plausible alternative explanation." *Id.*

5

TNC contends it "has provided evidence of bad faith" by showing that Plaintiff's counsel offered to dismiss TNC-CA for a waiver of costs and fees if TNC agreed to not seek removal to federal court, but later "accepted the same offer after the one-year anniversary of filing the Complaint," when Plaintiff no longer needed TNC to not remove the case as a condition of settlement. *See* Opp'n at 12. TNC argues that Plaintiff intentionally delayed in dismissing TNC-CA until after the one-year removal deadline had passed even though she knew her claims against TNC-CA "were weak to non-existent since the first motion for remand," and that "Plaintiff and Plaintiff's counsel's intentions were made more clear" when they waited until two days after the one-year removal deadline to accept TNC-CA's 998 Offer. *See id.* at 13.

The Court would find that Plaintiff has offered plausible explanations for this series of events. First, Plaintiff explained that the state court sustained Defendants' demurrer to the First Amended Complaint with leave to amend, but "the court had clearly signaled that it did not agree with Plaintiff's position that an employee would need to conduct discovery in order to obtain information about her employment relationship, and Defendant had still not produced discovery that Plaintiff had requested concerning her employment relationship with TNC of CA." *See* Motion at 7-8. As such, Plaintiff understood that if Defendants demurred to Plaintiff's Second Amended Complaint, the state court very well could sustain the demurrer without leave to amend. *See id.* This presented a financial risk for Plaintiff, as she could be liable for costs and fees pursuant to California Code of Civil Procedure section 1032. *See id.* at 8. Plaintiff's counsel therefore asked Defendants' counsel on September 22, 2020 if Defendants would stipulate to a dismissal of claims against TNC-CA in exchange for a waiver of costs and fees and TNC's agreement not to seek removal to federal court. *See* Chavez NOR Decl. Exh. I. Defendants' counsel rejected this offer and stated: "To be clear, TNC will be seeking fees on behalf of TNC-CA if Ms. Herrington chooses to amend and attempts to fraudulently keep TNC-CA in this litigation." *See id.* Plaintiff understood this to mean that Defendants were not interested in discussing settlement of her claims against TNC-CA, and proceeded to file a Second Amended Complaint and seek additional discovery regarding TNC-CA. *See* Motion at 8-9; Durkin Decl. ¶ 22.

On October 27, 2020, Defendants served the following: (1) a document production containing over 1,400 documents; (2) TNC-CA's 998 Offer for zero dollars and zero cents, plus a waiver of attorneys' fees and costs; and (3) Defendants' demurrer to the Second Amended

Complaint, filed that same day. *See* Motion at 9-10; Durkin Decl. ¶¶ 24-26. The statutory 30-day deadline by which Plaintiff had to respond to the 998 Offer was November 26, 2020. *See* Durkin Decl. ¶ 25. "In order to keep all options available, Plaintiff first focused on preparing an opposition to Defendant's demurrer, which was due on November 16, 2020." *See* Motion at 10. After filing and serving the opposition brief, Plaintiff's counsel then reviewed the document production. *See id.* Plaintiff's counsel substantively reviewed the 998 Offer on November 23, 2020 and determined – upon considering the newly-produced documents and the risk of liability for fees and costs if TNC-CA prevailed at the demurrer stage or later stages – that accepting the settlement offer "would be the most prudent course of action." *See id.* at 11-12.

That same day, after discussing the options with Plaintiff, Plaintiff's counsel informed Defendants' counsel that if Defendant sent a revised offer with the no-rehire term removed, Plaintiff would accept the offer. *See id.* at 12. Plaintiff thus properly responded to the 998 Offer within 30 days after it was served. As Plaintiff notes, "the timing of the dismissal was dictated by the timing of [TNC-CA's] 998 Offer." *See id.* at 17 (emphasis in original). Though Plaintiff accepted the 998 Offer two days after the expiration of the one-year deadline for removal purposes, the 998 Offer itself, by statute, allowed for its acceptance up to 30 days after it was served. *See* Cal. Code Civ. Proc. § 998(b)(2). Plaintiff also explained that she first focused on opposing the demurrer and reviewing the document production "to keep all options available." *See* Motion at 10. TNC's argument that removal to federal court was "the but-for cause of Plaintiff delaying the dismissal until after the one-year anniversary" therefore fails. *See* Opp'n at 14; *see also Aguayo*, 59 F. Supp. 3d at 1263. The Court finds that Plaintiff has offered plausible alternative explanations, and is not persuaded that the timing of Plaintiff's acceptance of the 998 Offer is evidence that Plaintiff acted in bad faith to prevent removal. *See Aguayo*, 59 F. Supp. 3d at 1277 (in the absence of plaintiff's failure to actively litigate against the removal spoiler, defendant must have "strong, unambiguous evidence of the plaintiff's subjective intent, for which the plaintiff cannot offer any plausible alternative explanation").

As to TNC's contention that "there was nothing prohibiting Plaintiff from dismissing TNC-CA prior to the one-year anniversary," *see* Opp'n at 15, the Court would agree with Plaintiff that *Defendants* were free to serve the 998 Offer "at any time during the first year after commencement of the action; yet [they] chose to do so less than 30 days before the expiration of the one-year deadline." *See* Motion at 17. Defendants also were free to negotiate settlements

7

with Plaintiff by means other than a Section 998 offer to compromise. *See id.* Plaintiff cannot be deemed to have acted in bad faith simply for taking the time permitted by statute to respond to a settlement offer.

TNC also argues that Plaintiff acted in bad faith by conditioning her earlier settlement offer on TNC's agreement to waive fees and not remove the case to federal court, then accepting the same offer once removal was no longer an issue. *See* Opp'n at 13-14. The Court would not find that Plaintiff acted in bad faith simply because she conditioned her earlier settlement offer on an agreement not to remove the case – a term she found advantageous – then accepted the same offer when she no longer needed that settlement term.[3] *See Aguayo*, 59 F. Supp. 3d at 1273 ("There is nothing wrong with plaintiffs having a preference for state court, nor is there anything inherently invidious or 'bad faith' about using deliberate tactics to defeat federal jurisdiction"); *Weber v. Ritz-Carlton Hotel Co., LLC*, No. 4:18-cv-03351-KAW, 2018 WL 4491210 at *4 (N.D. Cal. Sept. 19, 2018) (same). Moreover, "[t]he suspicious timing of a dismissal, a drop in a settlement offer to the removal spoiler after the one-year mark, or an ambiguous comment about how the plaintiff plans to drop the removal spoiler before trial, will not suffice" to demonstrate bad faith. *See Aguayo*, 59 F. Supp. 3d at 1277.

Accordingly, the Court would remand the matter under the *Aguayo* standard because Plaintiff actively litigated against TNC-CA, and TNC has not provided evidence to defeat the presumption that Plaintiff acted good faith.

### B. The *Heacock* Factors

Other courts within the Ninth Circuit consider the following factors set forth in *Heacock* when evaluating bad faith: (1) the timing of naming a non-diverse defendant; (2) the timing of dismissal; and (3) the explanation given for that dismissal. *See Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196-97 (W.D. Wash. 2020) (quoting *Heacock*, 2016 WL 4009849 at *3); *see also Weber*, 2018 WL 4491210 at *4; *Torres v. Honeywell, Inc.*, No. 2:20-cv-10879-RGK-KS,

---

[3] TNC cites three cases for the proposition that Plaintiff's conduct rises to the level of bad faith: *Berrios v. Hertz Corp.*, 2019 WL 1753995 (E.D. Cal. Apr. 19, 2019); *Hiser v. Seay*, 2014 WL 6885433 (W.D. Ky. Dec. 5, 2014); and *Comer v. Schmitt*, 2015 WL 5954589 (S.D. Oh. Oct. 14, 2015). *See* Opp'n at 12-13. The Court would agree with Plaintiff that none of these cases is analogous to the instant matter. *See* Reply at 5-7. Plaintiff: (1) has provided a plausible, justifiable explanation for offering to dismiss TNC-CA in light of the state court's ruling on Defendants' demurrer, unlike the plaintiff in *Berrios*, *see* 2019 WL 1753995 at *2; (2) did not state her intent to delay acceptance of the 998 Offer so that TNC could not remove the case to federal court, unlike the plaintiffs in *Hiser*, *see* 2014 WL 6885433 at *4; and (3) did not "continue to resist" consummating the settlement or oppose any motion to enforce the settlement in order to prevent TNC from removing the case within the one-year statutory deadline, unlike the plaintiffs in *Comer*. *See* 2015 WL 5954589 at * 4.

8

2021 WL 259439 at *3 (C.D. Cal. Jan. 25, 2021).

As to the first factor, Plaintiff did not add TNC-CA as a non-diverse defendant in response to TNC's attempt to remove the case to federal court, but instead included TNC-CA as a defendant in her initial Complaint. *See* Chavez NOR Decl. Exh. B. This factor thus favors remand. *See Somera*, 2020 WL 3497400, at *2 (finding that "while a plaintiff's decision to add a non-diverse defendant in response to a defendant's attempt to remove an action may be evidence of bad faith, that is not the case here" because plaintiff included the non-diverse defendant in the action from the outset).

As the Court has already explained, *supra*, the second and third factors – the timing of dismissal and explanation given for that dismissal – also favor remand. The Court therefore would not find that Plaintiff acted in bad faith by engaging "in strategic gamesmanship designed to keep the case in state court until the one-year deadline has expired." *See Torres*, 2021 WL 259439 at *3. The Court would remand the case based on the *Heacock* factors.

### IV. Conclusion

Based on the foregoing discussion, the Court would **GRANT** the motion to remand.